UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Skky, LLC, | Case No. 16-cv-0094 (WMW/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL** |
| Facebook, Inc. and Instagram, LLC, | |
| Defendants. | |

---

This matter is before the Court on Defendants Facebook, Inc. and Instagram, LLC's motion for leave to file under seal documents in support of Defendants' forthcoming motion to transfer venue to the Northern District of California. (Dkt. 74.) For the reasons addressed herein, the Court denies Defendants' motion.

## BACKGROUND

Skky, LLC ("Skky") commenced this patent-infringement action on January 15, 2016, and filed a second amended complaint on May 19, 2016. (Dkt. 59.) On May 13, 2016, Defendants filed a motion for leave to file under seal documents that support their motion to transfer venue to the Northern District of California ("First Motion to Seal"). (Dkt. 51.) Specifically, Defendants sought the Court's leave to file permanently under seal unredacted copies of both their memorandum of law ("Memorandum") and their supporting declaration prepared by a Facebook employee ("Declaration").

Defendants filed on ECF a redacted copy of their 23-page Memorandum, of which approximately 30 lines of text had been redacted. (Dkt. 55-1.) Defendants also filed on ECF a redacted copy of their 6-page Declaration, of which approximately 38 lines of text had been redacted. (Dkt. 55-2.) Defendants conventionally filed with the Court unredacted copies of their Memorandum and Declaration.[1] The information Defendants redacted and wished to file under seal included (1) employee names and business roles, (2) the city and state where certain employees work, (3) the number and percentage of Defendants' employees who work at Defendants' company headquarters, (4) a general description of the geographic location where Defendants' documents and electronic data are stored, and (5) a general description of the geographic location where Defendants designed and developed the technology that is at issue in this litigation. Defendants' basis for seeking to file that information under seal was "to protect the confidentiality of the names, employee counts, and internal business information" that they have redacted from their Memorandum and Declaration. Defendants asserted that this information constituted "confidential and sensitive business and personnel information," and that public knowledge of this information "could give competitors a distinct competitive advantage over Defendants and impose on the privacy of Defendants' employees."

---

[1]   The Electronic Case Filing Procedures Guide for the District of Minnesota provides that "a conventionally filed document is one presented in traditional paper or other non-electronic, tangible format." Electronic Case Filing Procedures Guide § I.A.4 n.3 (Feb. 2016). The Electronic Case Filing Procedures Guide has been adopted by the Local Rules of this Court, *see* LR 5.1, and are expressly authorized by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 5(d)(3).

Skky opposed Defendants' First Motion to Seal. (Dkt. 62.) Skky asserted that the redacted information is not the type of information that traditionally would be protected under seal because most, if not all, of the information is publically available. Among other things, Skky argued that Defendants' employees either publicly share details of their employment on social media or have had their employment information publicized by other means.

On June 7, 2016, Defendants withdrew their First Motion to Seal. (Dkt. 73.) That same day, Defendants filed a second motion for leave to file documents under seal ("Second Motion to Seal"). (Dkt. 74.) Skky does not oppose this motion. Defendants' Second Motion to Seal narrows the scope of the information that Defendants seek to redact from their Memorandum and Declaration in support of their forthcoming motion to transfer venue to the Northern District of California. Specifically, Defendants' Second Motion to Seal seeks to seal "the names and employee counts identified on pages 6 and 11-12 of the Memorandum and the names and employee counts identified in paragraphs 4, 7-8, 10, 13, 16-17, and 20 of the Jordan Declaration." Defendants again filed on ECF a redacted copy of their 23-page Memorandum and a redacted copy of their 6-page Declaration. (Dkt. 78-1.) The information Defendants presently seek to file under seal is employee names and the number and percentage of Defendants' employees who work at Defendants' company headquarters. Defendants' legal and factual basis for seeking to file this information under seal is identical to that advanced in support of Defendants' First Motion to Seal.

## ANALYSIS

Defendants seek leave to file unredacted copies of their Memorandum and Declaration under seal pursuant to Federal Rule of Civil Procedure 5.2(d) and Section IX.D of this Court's Electronic Case Filing Procedures Guide. Rule 5.2(d), Fed. R. Civ. P., provides that a district court "may order that a filing be made under seal without redaction." And this Court's Electronic Case Filing Procedures Guide provides that documents must *not* be filed under seal unless the Court "has first issued a protective order or an order granting a motion to seal" the document. Electronic Case Filing Procedures Guide § IX.D.1 (Feb. 2016). Because a district court has supervisory power over its records, the decision to seal is within the court's discretion. *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

There is a common law right of access to judicial records, which includes the public's "right to access documents that are submitted to the Court and that form the basis for judicial decisions." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013) (citing *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). The Eighth Circuit has held that the common law right of access applies to judicial records in civil proceedings. *IDT Corp.*, 709 F.3d at 1222. "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (internal citation omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The public's right of access "also provides a measure of accountability to the public at large, which pays for the courts." *Id.*

The Eighth Circuit has explained that the public's right of access "is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist.*, 898 F.2d at 1376.  Specifically, the district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. The weight that the court gives to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (internal quotation marks omitted).  Even when the "weight of the presumption [of public access] is low" because it does not implicate the district court's exercise of judicial power, it must nonetheless be overcome by some "countervailing reason."  *See id.* (internal quotation marks omitted).

Here, the documents that Defendants seek to file under seal concern Defendants' forthcoming motion to transfer venue pursuant to 28 U.S.C. § 1404.  A motion to transfer venue under Section 1404 both invokes the district court's exercise of judicial power and implicates public interests, including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *See Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 n.6 (2013) (alteration in original).  Documents submitted to this Court that may form the basis for this Court's decision whether to transfer venue are valuable to the public's

confidence in the judicial system and the public's ability to monitor, measure, and hold accountable the federal courts, especially when the decision will implicate public interests. Indeed, Defendants' forthcoming motion to transfer venue will implicate important public interests in both Minnesota and California, including but not limited to the utilization of judicial resources. Thus, the presumptive right of public access that applies to all judicial documents is particularly strong with respect to Defendants' documents seeking a transfer of venue in this case.

In light of this strong presumption, the Court must consider the degree to which sealing Defendants' documents would interfere with the interests served by the public's right of access, and balance those competing interests. *See IDT Corp.*, 709 F.3d at 1223. Defendants assert that the information they redacted constitutes "confidential and sensitive business and personnel information," and that public knowledge of this information "could give competitors a distinct competitive advantage over Defendants and impose on the privacy of Defendants' employees." But Defendants make no effort to support these bare assertions with any evidence. On its face, the information Defendants seek to file under seal is not the type of sensitive information that might typically be subject to an order to seal, such as financial data, proprietary or trade secret information, or personal health details. And most, if not all, of the information Defendants seek to file under seal appears to be publicly available. If Defendants have a factual basis for requiring this information to be sealed, it is Defendants' duty to present that basis; the Court will not speculate based on broad, unsupported attorney advocacy. On this record,

Defendants have not presented *any* factual basis for sealing this information from public access.

Defendants also have failed to provide a persuasive legal basis for why this information must be sealed. In support of their motion, Defendants cite four orders issued by other district courts granting motions to seal in other cases. These orders, which are devoid of analysis, do not alter the Court's foregoing conclusion. Indeed, most of the orders Defendants cite are less than a page long, and none includes substantive discussion, analysis, or any contextual basis for drawing factual similarities to this case. Thus, none of Defendants' legal citations is helpful.

To be sure, Defendants' Second Motion to Seal is far more narrowly tailored than its First Motion to Seal, which sought to seal an extraordinary amount of information without any more meaningful attempt to present a factual or legal basis for sealing the information from public access. Moreover, the Court is mindful that Defendants' Second Motion to Seal is unopposed. However, the Court will not permit the parties to stipulate away the public's right of access without an adequate basis for doing so.

## ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion for leave to file under seal, (Dkt. 74), is **DENIED**.

Dated: June 10, 2016
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge